IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GRANDEYE, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-mc-35 |
| ) | (Varlan/Guyton) |
| IPIX CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to Orders of Reference [Docs. 3, 12], for disposition of Defendant IPIX's Motion to Compel Production of Documents and to Compel Testimony Relevant to Plaintiff Grandeye's Discussions and Communications with Paul A. Satterlee, Jr. [Doc. 1] and Defendant's Motion to Quash Subpoena [Doc. 6]. The undersigned conducted a hearing on these motions on October 5, 2005. Participating on behalf of the plaintiff Grandeye, Ltd. ("Grandeye") and Paul A. Satterlee, Jr. ("Satterlee") were attorneys Linda J. Hamilton Mowles and Michael G. McManus. Participating on behalf of the defendant IPIX Corporation ("IPIX") was attorney Stephen G. Anderson.

### I.  Motion to Compel

This is a patent infringement case. The underlying civil action is currently pending in the Eastern District of Virginia. The motion before this Court arises out of the August 9, 2005, deposition of Paul A. Satterlee, Jr., a resident of this District. During this deposition, counsel for

IPIX questioned Satterlee regarding his communications with Grandeye's counsel. Grandeye's counsel objected, asserting that the communications were privileged because of the existence of an attorney-client relationship and because Satterlee has been retained as a non-testifying consultant by Grandeye. IPIX now moves to compel Grandeye and its counsel to produce all documents relating to their communications with Satterlee, and to compel Satterlee to testify regarding these communications. [Doc. 1].

The parties do not dispute that Satterlee is an ordinary fact witness in this litigation with respect to his knowledge and involvement with the invention which is the subject of the patent at issue. Grandeye alleges in the Complaint that Satterlee is an improperly omitted inventor of the patent-in-suit, and that Grandeye acquired by assignment Satterlee's interest in the patent. [Complaint ¶ 42]. Grandeye identified Satterlee in its Rule 26(a)(1) Disclosures as an individual likely to have discoverable information regarding Grandeye's claims. [Doc. 10 Ex. A]. Indeed, IPIX's counsel questioned Satterlee extensively during the deposition about his involvement with the underlying invention, and Grandeye makes no objection to this line of inquiry.

Grandeye claims, however, that Satterlee plays another role in this litigation, namely one as a non-testifying consultant for Grandeye, and therefore, any facts Satterlee learned or opinions he formed in preparation of this litigation in his role as consultant are not discoverable absent exceptional circumstances. Satterlee previously served as a consultant for the law firm of Adduci, Mastriani, and Schaumberg, Grandeye's counsel in the present case, in relation to other litigation involving IPIX. Satterlee testified in his deposition that he has been retained in the present case as a non-testifying consultant, although there is no written agreement to that effect, and he has yet to be compensated for his services. In addition to retaining Satterlee as a consultant, Grandeye

also contends that an attorney-client relationship exists between its counsel and Satterlee. Grandeye argues that its counsel agreed to represent Satterlee for the purpose of his deposition, and therefore, any communications or documents exchanged between them is protected by the attorney-client privilege.

IPIX argues that Satterlee is merely a third-party fact witness to this litigation, and therefore, any communications between him and Grandeye are discoverable. IPIX disputes that Satterlee has been retained as a non-testifying consultant. It points to the fact that there is no written agreement between counsel and Satterlee, and that he has not been compensated for any of his work in the present case. IPIX further disputes that Grandeye's counsel has ever entered into an attorney-client relationship with Mr. Satterlee. For grounds, IPIX notes that Satterlee testified that he did not hire or ask counsel to represent him at the deposition. [Doc. 10].

As a fact witness, Satterlee may be deposed – and indeed, has been deposed – with regard to his knowledge gained and opinions formed while he was involved in the development of the invention which is the subject of the patent in suit. See Atari Corp. v. Sega of America, 161 F.R.D. 417, 421 (N.D. Cal. 1994) ("an expert may be deposed concerning information acquired or opinions formed prior to his employment by a party"). However, Satterlee's communications with Grandeye's counsel, including any facts that he has learned or opinions he has formed in the course of his employment by Grandeye are not discoverable. The plaintiff has demonstrated that Satterlee is a non-testifying consulting expert. While there is not a written consultation agreement between the parties and Satterlee has not yet been compensated for his services, Satterlee testified that he and Grandeye's counsel had a verbal agreement and that he is to be compensated at the rate of $150 per hour for his services. The fact that he had not yet billed Grandeye for his services by the date of the

3

deposition is of no moment in determining whether a consulting relationship exists. The Court finds that Grandeye has shown that such a relationship does exist.

Because Grandeye has established that Satterlee is an expert retained in preparation for trial but who is not expected to be called as an expert witness, IPIX may discover facts known or opinions held by Satterlee in preparation of this litigation only "upon a showing of exceptional circumstances." Fed. R. Civ. P. 26(b)(4)(B). The Court finds that IPIX has failed to make such a showing. Accordingly, Satterlee's communications with Grandeye's counsel are not discoverable, and IPIX Corporation's Motion to Compel [Doc. 1] must be **DENIED**.[1]

## II.     Motion to Quash

The defendant has advised that the subpoena which is the subject of its motion to quash has been withdrawn. Accordingly, Defendant's Motion to Quash Subpoena [Doc. 6] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**ENTER:**

s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Having determined that Satterlee's communications with Grandeye's counsel are not discoverable under Rule 26(b)(4)(B), the Court need not address the applicability of the attorney-client privilege in this case.

4